NEW YORK PRACTICE REPORTS. 275

Taylor agt. Atlantic and Great Western Railway Co.

# SUPREME COURT

WILLIAM H. TAYLOR and WILLIAM A. DUNPHY, trustees, &c., agt. THE ATLANTIC AND GREAT WESTERN RAILWAY COMPANY and others.*

*Judgment of court of another state, when not conclusive upon courts of this state, or parties — Railroad mortgage bonds — power of court to change the terms of.*

A judgment of a court of another state is only conclusive upon parties where it is a definitive judgment upon the same cause of action upon the merits. An interlocutory order upon a special application pending the suit is not conclusive upon a similar application in an action in this state.

The N. G. and W. R. Co. was incorporated under the laws of the states of Pennsylvania, Ohio and New York. A mortgage upon the Ohio division was executed to M., as trustee, and another and subsequent mortgage upon all the property in the three states was executed to T. and D., as trustees, who brought suit in each of the three states to foreclose the same. An agreement was entered into between M. and a majority of the bondholders under the Ohio mortgage and T. and D. extending the time of payment of the Ohio mortgage for three years, and changing the interest during such extended term from currency to gold. This agreement was not to take effect until confirmed by the courts in each of the three states. It has been confirmed by the court in Ohio, and is now presented to this court and a confirmatory order asked for upon the basis of the Ohio order, which application is opposed by some of the second mortgage bondholders.

*Held*, that the agreement itself contemplates a distinct and independent approval by the courts of each one of the states in which actions are pending for the foreclosure of the mortgage and the sale of the company's property. A distinct and separate approval was what was in terms required, according to the conclusions reached as to the propriety of the agreement by the courts respectively of these different states; and that rendered an examination of the facts, upon which the

* This and the two following cases are to be read together.

Taylor agt. Atlantic and Great Western Railway Co.

application has been made, necessary for the purpose of determining whether such approval ought to be given.

Every bondholder is equally entitled by the agreement made with him, and with the trustees for his benefit, to be protected in all the advantages legally secured by it. And for that reason the courts cannot disregard the principle protecting him, because the amount due to him, and the extent to which he may be entitled to participate in the advantages of the security, may be, comparatively speaking, not very significant. It is enough that a material right may be prejudiced, and the party deprived of the full advantage of his contract and security to require that the court shall not interpose to his manifest injury.

The bondholders secured by the second mortgage, by virtue of that instrument, have become, both legally and equitably, entitled to have the proceeds of the property applied upon their debt after paying off the first incumbrances. This court has no power to sanction any change in the effect of the terms of that instrument.

It would be grossly unjust to the second mortgage bondholders to change the payments of interest in the first mortgage bonds from currency to gold, and the court has no authority which would permit it to take that difference for a period of three years from the holders of the second mortgage bonds and give it to the more fortunate owners of the first, against the objections of those resisting the proceeding.

Where the validity of the contract was also made dependent upon the approval of the trustees under the first mortgage, and one of them had since resigned, and the other had simply placed himself under the advice and direction of the court :

*Held,* that this was not what was provided for by the terms of the agreement. The judgment of the trustee upon the subject was required, for his approval could not be given or withheld without the exercise of judgment. Nor can the court dispense with the observance of that requirement, because one of the persons named afterwards resigned his office.

*Erie Special Term, August,* 1877.

THE Atlantic and Great Western Railway Company was incorporated under the laws of the states of Pennsylvania, Ohio and New York. A mortgage upon the Ohio division was executed to one Meyer, as trustee, and another and subsequent mortgage upon all the property in the three states was executed to Taylor and Dunphy, as trustees, who brought suit in each of the three states to foreclose the same.

An agreement was entered into between Meyer and a majority of the bondholders under the Ohio mortgage, and Taylor and Dunphy extending the time of payment of the Ohio mortgage for three years and changing the interest during such extended term from currency to gold. This agreement expressly provided that it was not to take effect until it was confirmed by the courts in each of the three states. The parties in interest presented it for confirmation to the court in Ohio, and it was there confirmed. It was presented to the court in New York, and a confirmatory order was asked upon the basis of the Ohio order. The application was opposed by some of the second mortgage bondholders.

*W. W. MacFarland,* for plaintiffs.

*Blatchford, Seward, Griswold & Da Costa,* for defendant The Banque Franco-Egyptienne.

*Charles H. Tweed,* for defendant Bischoffsheim.

DANIELS, *J.* — The application in this case is for the confirmation of an agreement made with the holders of certain first mortgage bonds for the extension of the period for their payment for the term of three years from the 1st day of October, 1876. To induce the persons holding the bonds to agree to the extension it has been proposed to pay the interest accruing upon them at the rate of seven per cent in quarterly gold payments instead of seven per cent in currency according to their terms. This has been objected to by a small per centage of the holders of these bonds, but as they very obviously could not be injured by the increase of their interest by changing the payments from currency into the more expensive and valuable medium of gold their objection cannot be sustained because of any apprehended injury probably resulting to them by reason of the change. Still if they have a legal right to succeed upon the objection it should, of

course, be permitted to prevail. But without deciding that point now, it may be as well to consider others appearing to be insurmountable in their character.

The application for the confirmation and approval of the agreement has been made by the plaintiffs, as trustees of the second mortgage bondholders, for the reason that it has been considered by them as specially advantageous to their interests on account of the present depreciated condition of the mortgaged property; and if all the bondholders secured by the second mortgage assented to the arrangement a very serious obstacle in the way of its success would be out of the case. But they do not, and among those opposing it is the defendant, the Banque Franco-Egyptienne, as the holder of such bonds to the amount of $1,800,000. It is also opposed by others holding small amounts of the bonds. Notwithstanding this resistance the court of common pleas of Summit county, in the state of Ohio, has confirmed the agreement; and the present application has, in great part, been placed upon the basis of that action; not, however, because it should be adopted as conclusive upon the courts of this state, for, as a mere interlocutory order, it could not be attended with any such effect (*Brinkley* agt. *Brinkley*, 50 *N. Y.*, 185); but more particularly because, as a matter of comity, the same order should be made in the courts of this state as the court in the state of Ohio had deemed to be proper by way of disposing of a similar application; and there would be a decided inclination to yield assent to this position if that could consistently be allowed under the views taken of the merits of the application. But that cannot be done, because the agreement itself contemplates a distinct and independent approval by the courts of each one of the states in which actions are pending for the foreclosure of the mortgage and the sale of the company's property. What it was agreed should be done in this respect to render the agreement operative was, that it should first receive the approval of the court in Ohio, and also of the courts in the states of Pennsylvania and New York; and that

was an entirely different thing from the approval of one court followed formally by the determination of the others. A distinct and separate approval was, what was in terms required, according to the conclusion reached, as to the propriety of the agreement by the courts respectively of these different states. And that rendered an examination of the facts, upon which the application has been made, necessary for the purpose of determining whether such approval ought to be given.

As it has already been intimated the evidence furnished on the hearing of the application clearly supports the conclusion that the incumbrances upon the property of the company very much exceeds its value. A large loss must be, in any event, sustained by the holders of the bonds secured by the second mortgage ; and by virtue of that instrument they have become both legally and equitably entitled to have the proceeds of the property applied upon their debt after paying off the first incumbrances. That is the plain effect of the instrument made for the security of their demands, and this court has no power to sanction any change in the effect of its terms. By changing the payments of interest from currency to gold such a change would clearly be made. It would increase the amount of the first incumbrance by the increased value of gold over currency, and correspondingly diminish the security of the holders of the second mortgage bonds. That would be no trifling sum of money, for the amount of the bonds secured by the first mortgage and now outstanding against the company is the sum of $2,416,300. The court has no authority which would permit it to take that difference, for a period of three years, from the holders of the second mortgage bonds and give it to the more fortunate owners of the first, against the objections of those resisting the proceeding. The same principle which would sanction a small increase of the prior incumbrance would sustain one which might prove entirely destructive to those designed to be protected by the succeeding incumbrance ; and if the court had the power over the agreement of the parties to change it in any material

respect it could entirely destroy its value. The point involved is one of principle solely, for if the power exists it can be limited in its application only by the subject to be affected by it. Every bondholder is equally entitled, by the agreement made with him and with the trustees for his benefit, to be protected in all the advantages legally secured by it, and for that reason the courts cannot disregard the principle protecting him, because the amount due to him and the extent to which he may be entitled to participate in the advantages of the security may be, comparatively speaking, not very significant. It is enough that a material right may be prejudiced and the party deprived of the full advantage of his contract and security, to require that the court shall not interpose to his manifest injury; and such a right has been clearly shown in this case.

The validity of the contract was also made dependent upon the approval of the trustees under the first mortgage. One of them has since resigned, and the other has simply placed himself under the advice and direction of the court. This was not what was provided for by the terms of the agreement. His judgment upon the subject was required, for his approval could not be given or withheld without the exercise of judgment. By his first answer he evaded the performance of this duty, and in terms submitted the entire matter to the consideration of the court, and asked its advice and direction; and the second, though more elaborate, was not designed to be more extended in that respect, for in that he stated that he had " abstained from executing the said contract and from promoting or forwarding it, and has limited himself to submitting the entire question to the court for direction, and is prepared to act as the court may instruct him." He further added his opinion, " that if the ultimate security of the bonds represented by him as trustee will be in no way impaired, weakened or prejudiced by the forbearance contemplated by the said contract, he deems the arrangement embodied therein to be generally beneficial to the interest of his *cestuis que*

Taylor agt. Atlantic and Great Western Railway Co.

*trust,* and to be as advantageous an adjustment of existing complications as can reasonably be hoped for." This was not added for the purpose of supplying the approval mentioned in the agreement, but simply by way of showing that he had discovered no reason why it should not be given. And whether that was advisable or not was left entirely to the direction of the court. Upon this subject the court was entitled to have his action for its guidance, and was not required to determine what was proper in the premises,.both for itself and the trustee. The agreement, in terms, also required the approval of both the trustees in the preceding mortgage ; and this court cannot dispense with the observance of that requirement because one of the persons named afterwards resigned his office. The judgment of the two individuals was stipulated for, and that of Schuchardt has never in any form been obtained. Then it has been shown that the remaining trustee was enjoined· by the order of this court from approving of the agreement. And while the court in Ohio was not restrained in its action by that proceeding, this court certainly cannot with the least propriety sanction a violation of its own prohibition. Both proceedings are of an equitable description ; and while courts of law have refused to be bound by the injunctions of the courts of equity, the tribunal itself which has issued the process has never knowingly allowed its restraints to be disregarded.

It appears that the property of the corporation has for a series of years been in the hands of a receiver, who has continued to operate it under the direction of the courts. During that time his expenses have exceeded his receipts by nearly the sum of $600,000. And it has been shown that the earnings at this time do not exceed the expenses of operating the road. For that reason, it is manifest that the gold interest could not be paid out of the earnings of the property,.even if the court should add its approval to the agreement. Since it was to have gone into effect, nearly one year's interest has matured, and no fund whatever has accrued, or been created,

out of which payment could be made. To sanction an extension of the credit upon the terms offered would be of no advantage to any one, because the funds required to perform the contract cannot be expected to be obtained.

No sound reason seems to exist for the approval of this agreement by the court. The only plausible one is that sustained by the action of the court in Ohio, and that should not be followed, because of the objections already mentioned; and, besides that, the order there made is still the subject of contest by way of an appeal. While that is undetermined, it cannot be followed as an adjudication controlling the rights and interests of the parties. For that, as well as the other reasons assigned, the approval of the contract by this court ought to be withheld, and the motion made on behalf of the plaintiffs denied.

Pending these proceedings Kohn Reinach, as owner of certain of the bonds issued under the Ohio mortgage, commenced a suit in New York, on behalf of himself and of all the other minority bondholders who dissented from the agreement, against Meyer, as trustee, and one Smithers, as attorney for the assenting bondholders, to restrain them from carrying the extension agreement into effect, and from presenting the same for confirmation to the Ohio court. An injunction was granted by Mr. justice BRADY. The defendants moved to dissolve (*See Reinach* agt. *Meyer and others, post* 283).